UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | 2:23-cv-04001-ODW (SKx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | *Carlos Vasquez et al. v. Estee Lauder Inc.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**     **ORDER TO SHOW CAUSE re: Propriety of Discovery**

      In the Rule 26(f) Report, (Rpt., ECF No. 11), the parties indicate that they disagree about whether it is appropriate to allow for discovery in this case. Defendant argues that resolution of this case should be confined to the Administrative Record and that discovery is therefore inappropriate. (*Id.* at 5.) Plaintiff argues that it is appropriate to allow for written discovery and depositions related to a variety of topics. (*Id.*)

      The default rule in Administrative Procedure Act ("APA") cases is that judicial review is typically confined to the administrative record. *Stago v. Off. of Navajo & Hopi Indian Relocation*, 562 F. Supp. 3d 95, 102 (D. Ariz. 2021) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)); *see* 5 U.S.C. § 706; *see also Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010). A direct corollary of this rule is that, in APA cases, civil discovery is typically not appropriate absent unique circumstances. 42 C.F.R. § 137.309; *Bark v. Northrop*, 2 F. Supp. 3d 1147, 1152 (D. Or. 2014); *see California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 882 (N.D. Cal. Apr. 1, 2020). Plaintiffs, as the parties urging an exception to the default rule, bear the burden of persuading the Court that the default rule does not apply.

      Therefore, Plaintiffs are **ORDERED TO SHOW CAUSE**, in writing only, to be received by the Court no later than **August 15, 2023**, why the Court should allow for discovery in this case. Defendant may, but is not required to, file a response, to be received by the Court no later than **August 22, 2023**. Briefs shall be limited to <u>twelve (12) pages</u>, and the parties are permitted to submit declarations or other evidence in support of their contentions. The matter will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:23-cv-04001-ODW (SKx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | *Carlos Vasquez et al. v. Estee Lauder Inc.* | | |

deemed taken under submission upon receipt of the aforementioned briefs and without any further order of Court.  Plaintiffs' failure to timely respond to this Order to Show Cause shall be deemed a concession that discovery is not appropriate for this case.

**IT IS SO ORDERED.**

                                                                       : 00

Initials of Preparer    SE